IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANET REINHARDT,

      Plaintiff,

vs.                                        Civ. No. 07-563 RHS/WDS

ALBUQUERQUE PUBLIC SCHOOLS, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'**
**MOTION TO DISMISS COUNT II FOR LACK OF EXHAUSTION**

**THIS MATTER** comes before the Court on "Defendants' Motion and Brief to Dismiss Counts I and II of Plaintiff's Complaint under Rule 12(b) [("Motion to Dismiss")]," filed August 16, 2007 **[Doc. No. 17]**. Pursuant to Defendants' Motion to Dismiss and Plaintiff's stipulation, the Court previously entered an order dismissing Plaintiff's ADA claim (Count I) as to all Defendants and dismissing Plaintiff's section 504 Rehabilitation ("Rehab") Act claim as to the individually named Defendants (Count II). (See "Order Granting Defendants' Motion to Dismiss as to Count I and Count II as to the Individually Named Defendants," filed Oct. 5, 2007 **[Doc. No. 28]**; "Response in Partial Opposition to Defendants' Motion to Dismiss ("Response")," filed Sep. 10, 2007 **[Doc. No. 24]**). The only issue remaining from Defendants' Motion to Dismiss for the Court to decide is whether Plaintiff's section 504 Rehab Act Claim (Count II) should be dismissed for lack of exhaustion.[1]

---

[1] In a footnote, Defendants assert that because they are unaware of "binding authority suggesting that the Rehabilitation Act provides a remedy to a non-disabled plaintiff based on alleged retaliation against the plaintiff for supporting disabled persons[,] . . . . Plaintiff's Rehabilitation Act claims should also be dismissed for failure to state a claim." (Motion to

In their motion, Defendants contend that Plaintiff's Rehab Act claim should be dismissed because Plaintiff did not exhaust her administrative remedies before filing this lawsuit. Plaintiff opposes Defendants' motion, asserting that section 504 of the Rehab Act does not contain any exhaustion requirement. Having considered the parties' submittals, the relevant authorities, and being otherwise advised in the premises, the Court concludes that Defendants' motion is not well-taken and will be denied as to this issue.

*Discussion*

Plaintiff claims that Defendants violated section 504 of the Rehab Act, which prohibits discrimination on the basis of disability by any program or activity that receives federal financial funds. See 29 U.S.C. §794(a). Persons injured by violations of section 504 have available to them "the remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964" and are not generally required to exhaust administrative procedures before bringing a lawsuit in federal court. Id. §794(a)(2); see, e.g., Pushkin v. Regents of University of Colorado, 658 F.2d 1372, 1380-82 (10th Cir. 1981) (citing the Fifth Circuit's comparison of the administrative and enforcement procedures of Title IX and section 504 in Camenisch v. University of Texas, 616 F.2d 127 (5th Cir. 1980) and finding "[w]ithout question [that] Cannon [v. University of Chicago, 441 U.S. 677 (1979)] is dispositive of this [exhaustion] issue"); Freed v. Consolidated Rail Corp., 201 F.3d 188, 191-92 (3d Cir. 2000) (noting that section 504 is not ordinarily subject to an exhaustion requirement and observing that "[e]very court of appeals to have addressed this question has already held that plaintiffs suing private recipients of federal funds under section

---

Dismiss at 7 n.1). The Court does not address Defendants' passing argument in this order. However, Defendants are not precluded from raising this argument in a future motion.

504 do not need to exhaust Title VI administrative remedies" ) (citations omitted).  Nevertheless, while plaintiffs are not generally required to exhaust administrative remedies before asserting a claim under section 504 of the Rehab Act, there are at least two contexts which would require a plaintiff to do so.

For example, in the Tenth Circuit, a federal employee may not avoid the exhaustion requirement contained in section 501 of the Rehab Act[2] by choosing to sue a federal employer under section 504 of the Rehab Act.  See Johnson v. United States Postal Service, 861 F.2d 1475, 1477 (10th cir. 1988) (adopting the Ninth Circuit's conclusion that section 501 of the Rehab Act, *not* section 504, provides for a private cause of action for federal employees seeking to assert employment discrimination claims against their federal employers) (citation omitted).  In this case, however, Plaintiff is not a federal employee.  Nor are the Defendants federal employers subject to suit under section 501 of the Rehab Act.  Accordingly, the exhaustion requirements that would apply to a federal employee attempting to bring suit against a federal employer under section 504 are not applicable in this case.

In another example, where a person eligible for relief under the Individuals with Disabilities Education Act ("IDEA") sues for such relief under section 504 of the Rehab Act (or any other federal law) she must exhaust the administrative procedures set forth in the IDEA "to the same extent as would be required had the action been brought under" the IDEA.  20 U.S.C. § 1415(l); see Cudjoe v. Independent School District No. 12, 297 F.3d 1058, 1064-65 (10th Cir. 2002).  In this case, however, Plaintiff lacks standing to sue under the IDEA and does not appear

---

[2]Persons suing under section 501 are required to exhaust administrative remedies set forth under Title VII of the Civil Rights Act of 1964.  See 29 U.S.C. § 794a(a)(1); Freed, 201 F.3d at 191.

to seek relief available under that statute. Accordingly, the exhaustion requirements that would apply to an individual attempting to seek relief under section 504 of the Rehab Act that is also available under the IDEA are not applicable in this case.

Defendants allege that the Americans with Disabilities Act ("ADA") provides Plaintiff with the "clear statutory right . . . to assert the claim she seeks to assert" under section 504 of the Rehab Act. (Motion to Dismiss at 7). Defendants argue that "[i]n the same way that parents are not allowed to 'statute shop' by using" section 504 of the Rehab Act "to avoid the exhaustion requirements of the IDEA, and that federal employees are not allowed to 'statute shop' by using § 504 to avoid the exhaustion requirements of § 501, Plaintiff Reinhardt should not be allowed to 'statute shop' by using § 504 to avoid the exhaustion requirements of the ADA." (Motion to Dismiss at 6-7). Plaintiff responds that "Defendants fail to point to a single case where a court has required exhaustion of administrative remedies before bringing a Section 504 claim arising out of employment." (Response at 2).

Defendants' argument that Plaintiff's ability to seek relief under the ADA should preclude her from avoiding exhaustion before asserting a claim under section 504 of the Rehab Act is nearly identical to that raised by the defendant in Freed. In Freed, the Court noted that because plaintiff "has withdrawn her ADA claim,[3] we are presented with the narrow issue whether a plaintiff suing solely under section 504 must exhaust the Title VI administrative process before bringing suit against a private recipient of federal funds." Freed, 201 F.3d at 192. As did the Third Circuit, this Court finds that it "know[s] of no precedent, in this court or

---

[3] As previously noted, Plaintiff in this case has stipulated to the dismissal of her ADA claim.

elsewhere, that imposes such a requirement." Freed, at 192.

The defendant in Freed also contended that Congress expressed a desire to coordinate the ADA with the Rehab Act and "that even where a private plaintiff has *not* included a[n] [ADA] claim . . . with her claim under section 504 of the Rehabilitation Act, the fact that a plaintiff has the option of doing so gives plaintiffs the ability to circumvent the ADA exhaustion process." Freed, 201 F.3d at 194 (emphasis added). However, the Third Circuit found that nothing in the coordinating provisions of the ADA and the Rehab Act "addresses an exhaustion requirement." Freed, 201 F.3d at 194. Moreover, the Court noted that "[w]here Congress has wanted to coordinate statutes in that way [to require exhaustion] it has done so expressly." Freed, 201 F.3d at 194 (citing the IDEA's requirement that plaintiffs suing under other federal statutes, including the Rehab Act, must exhaust administrative remedies set forth in the IDEA as if the action had been brought under the IDEA). Defendants have cited nothing in either section 504 of the Rehab Act or the ADA expressly requiring a person to exhaust the administrative remedies of the ADA before bringing a claim under section 504 of the Rehab Act. Accordingly, for all of the reasons set forth above, the Court will deny Defendants' Motion to Dismiss Plaintiff's section 504 Rehab Act claim against APS for failure to exhaust administrative remedies.

**WHEREFORE**,

**IT IS ORDERED** that Defendants' Motion to Dismiss **[Doc. No. 17]** Plaintiff's Section 504 Rehabilitation Act Claim (Count II) on the basis of lack of exhaustion is **denied**.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE
(Sitting by Designation)