IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANET REINHARDT,

    Plaintiff,

vs.                                                Civ. No. 07-563 RHS/WDS

ALBUQUERQUE PUBLIC SCHOOLS BOARD
OF EDUCATION and LINDA DUNSTAN in her
official and personal capacity, JANICE QUINTANA
in her official and personal capacity, ISABEL
TRUJILLO, in her official and personal capacity,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION
FOR REVIEW OF CLERK'S ORDER SETTLING COSTS**

**THIS MATTER** came before the Court on Defendants' Motion for Review of Clerk's Order Settling Costs [docket no. 98].  Defendants filed their motion to tax costs (docket no. 81) on December 17, 2008, and in part sought reimbursement for the depositions of J. Quintana, I. Trujillo, A. Sanchez, L. Dunstan, and A. Tafoya all totaling $834.58.  The Clerk cited as a reason for the disallowance of these depositions the fact that the depositions were not cited by either party in the filings in support of or opposition to the motions for summary judgment and that therefore the deposition costs are not deemed reasonably necessary to the litigation and are not recoverable (*see* Clerk's Order Settling Costs, docket no. 97).  The instant motion objects to the disallowance of these deposition costs.  The Court has now considered the motion together with Plaintiff's Response (docket no. 99) and Defendants' Reply (docket no. 100) as well as all

-1-

of the pleadings on file in the above-captioned cause and hereby concludes that the motion is well-taken and should be granted.

This litigation was hotly contested between the parties.  In the hopes of not appearing patronizing, both parties were represented by extremely well qualified and diligent counsel who litigated the matter fairly and thoroughly.  In the end, Defendants were the prevailing parties as to Count II of the Complaint.  It is important to note that all five depositions for which costs are claimed by the Defendants were set pursuant to notice by the Plaintiff.  The costs are for deposition transcripts which were purchased by defense counsel in June-July, 2008, while Defendants had pending their motion for summary judgment on Count II.  At the time of the purchase of these transcripts, counsel for Defendants had no way of knowing with certainty whether or not the motion for summary judgment on Count II would be granted or denied.  Because the depositions were taken upon the notice of Plaintiff, it is reasonable for counsel for Defendants to expect that they may be used in trial preparation or at the trial itself and that they were more than depositions taken for investigative purposes.  The Court is aware that Plaintiff attached portions of the five transcripts to her Surreply to Defendants' summary judgment motion (docket no. 78).  The Court concludes that at the time the depositions were taken, Defendants could reasonably have expected that Plaintiff would use them in trial preparation.  Therefore, the Court concludes that the five depositions totaling $834.58 should be allowed and taxed as a cost against Plaintiff.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Review of Clerk's Order Settling Costs [docket no. 98] is hereby granted and the transcript fees for the depositions of  J. Quintana, I. Trujillo, A. Sanchez, L. Dunstan, and A. Tafoya, totaling $834.58, are hereby taxed

against the Plaintiff and in favor of the Defendants.  This tax of costs is in addition to the costs allowed by the Clerk of the Court in the aggregate amount of $877.55.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE