IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANET REINHARDT,

    Plaintiff,

vs.                                                                                      Civ. No. 07-563 RHS/WDS

ALBUQUERQUE PUBLIC SCHOOLS BOARD
OF EDUCATION, et al.,

    Defendants.

**ORDER DENYING DEFENDANTS'**
**MOTION TO DISMISS INDIVIDUAL DEFENDANTS**

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Individual Defendants ("Motion to Dismiss"), filed December 21, 2010 **[Doc. 117]**.  Defendants argue that the doctrine of law of the case precludes any claims against the individual Defendants "because Plaintiff never appealed the Court's dismissal of the Individual Defendants on the basis of qualified immunity."  (Motion to Dismiss at 5).  In the alternative, Defendants argue that the individual Defendants should be dismissed because they "are entitled to qualified immunity."  (Motion to Dismiss at 5).  The Court, having considered the parties' submissions, the relevant authorities, and being otherwise advised in the premises, hereby concludes that Defendants' motion is not well-taken and will be denied.

*Discussion*

    **A.  Doctrine of Law of the Case**

Defendants' argument asserting law of the case rests on the presumption that this Court previously dismissed Plaintiff's claims against the individual Defendants on the basis of

qualified immunity and Plaintiff failed to appeal that dismissal. However, Defendants' underlying presumption is incorrect. In dismissing Plaintiff's First Amendment claim, this Court applied Garcetti v. Ceballos and concluded that Defendants were entitled to summary judgment "because Plaintiff's communications were made pursuant to and in the course of her official duties as a public employee . . . ." (Order Granting Defendants' Motion for Summary Judgment on Count III at 5, filed Jun. 16, 2008 **[Doc. 65]**).[1] In reaching its decision, this Court did not address the issue of qualified immunity. Indeed, the Tenth Circuit noted that "APS's motion for summary judgment and the district court's order was limited to th[e] question . . . . of whether Ms. Reinhardt's speech was made pursuant to her official duties . . . ." Reinhardt v. Albuquerque Pub. Schools Bd. of Education, 595 F.3d 1126, 1137 (10th Cir. 2010). Accordingly, the Court finds Defendants' "law of the case" argument wholly unpersuasive.

### B. Qualified Immunity

Although the individual Defendants contend they are entitled to qualified immunity on Plaintiff's First Amendment claim, it is not entirely clear on what basis they assert the defense. In their Motion to Dismiss, Defendants incorporate by reference the "reasons and arguments outlined in Defendants' motion (Doc. No. 35) . . . ." (Motion to Dismiss at 4). However, Document No. 35 is an Order Granting Unopposed Motion for Continuance and Rescheduling of Settlement Conference, entered by the Honorable W. Daniel Schneider **[Doc. 35]**, and does not appear to have any relevance to Defendants' qualified immunity argument. Defendants also state that they moved for summary judgment on Plaintiff's First Amendment claim in June of

---

[1] On appeal, the Tenth Circuit concluded that Plaintiff was not speaking pursuant to her official duties when she filed her state complaint, and, thus, her First Amendment claim is not barred by Garcetti. See Reinhardt v. Albuquerque Pub. Schools Bd. of Education, 595 F.3d 1126 (10th Cir. 2010).

2008.  (See Motion to Dismiss at 2).  However, it appears that Defendants actually moved for summary judgment on that claim in January of 2008.  (See **[Docs. 30, 31]**).  In any event, to the extent that Defendants are attempting to "incorporate" a motion for summary judgment into a motion to dismiss, it is not clear by which motion they assert qualified immunity.[2]  Accordingly, the Court will deny Defendants' motion to dismiss on the basis of qualified immunity without prejudice to their right to re-assert the defense in another motion, without reference to any other motion.

Finally, to the extent Defendants argue the law was not "clearly established" that Plaintiff's speech touched on a matter of public concern, the Court finds such an argument unlikely to succeed.  In Garcetti, the Supreme Court of the United States held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes."  Id., 547 U.S. 410, 421 (2006).  However, this "heavy barrier erected by the Supreme Court in Garcetti" did not exist when the alleged retaliation against Plaintiff occurred.  Casey v. West Las Vegas Independent Sch. Dist., 473 F.3d 1323, 1331 (10th Cir. 2007).  Thus, even if Defendants reasonably believed that Plaintiff spoke pursuant to her official duties, that fact alone (pre-Garcetti) would not justify a belief that Plaintiff's speech was automatically precluded from First Amendment protection, or that it did not relate to a matter of public concern.  Even post-Garcetti, the fact than an employee speaks pursuant to her official duties does not mean that such speech "d[oes] not relate to a matter of public concern."  Casey, 473 F.3d at 1331.  The Tenth Circuit emphasized that it "ha[s] held many times, [that] speech reporting the illicit or improper activities of a government entity or its

---

[2] The Court notes that neither Defendants' nor Plaintiff's briefing on this issue is particularly helpful.

agents is *obviously* a matter of great public import." Casey, 473 F.3d at 1331 n. 8 (emphasis added) (citing Schalk v. Gallemore, 906 F.2d 491, 495 (10th Cir. 1990); Considine v. Bd of County Comm'rs., 910 F.2d 695, 699-70 (10th Cir. 1990); Conaway v. Smith, 853 F.2d 789, 796 (10th cir. 1988) as examples).  Under the clearly established law set forth in Schalk, Considine, and Conaway, Plaintiff's state complaint seemingly touched on matters of public concern because it appeared "calculated to disclose wrongdoing or inefficiency or other malfeasance on the part of governmental officials in the conduct of their official duties." Considine, 910 F.2d at 700 (citation omitted).

    WHEREFORE,

    IT IS ORDERED that Defendants' Motion to Dismiss Individual Defendants **[Doc. 117]** is **denied** without prejudice to Defendants' right to re-file a motion asserting qualified immunity, should they elect to do so, as follows:

    (1) Defendants' motion must not incorporate by reference any other motion, and must be filed on or before Monday, March 21, 2011;

    (2) Plaintiff's response must be filed on or before Thursday, April 7, 2011; and

    (3) Defendants' reply must be filed on or before Friday, April 15, 2011.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE