IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANET REINHARDT,

    Plaintiff,

vs.                                                    Civ. No. 07-563 RHS/WDS

ALBUQUERQUE PUBLIC SCHOOLS BOARD
OF EDUCATION, et al.,

    Defendants.

## **ORDER DENYING DEFENDANTS' MOTION IN LIMINE**

**THIS MATTER** comes before the Court on Defendants' Motion in Limine to Exclude Evidence of All Issues That Were Not Appealed ("Motion in Limine"), filed January 5, 2011 **[Doc. 120]**. Defendants seek "to exclude the introduction of any evidence or testimony at the trial of this matter regarding any claimed 'protected activity,' or alleged 'materially adverse employment action' that were not raised by Plaintiff in her appeal or considered by the Tenth Circuit." (Motion in Limine at 1). Specifically, Defendants request that Plaintiff's presentation of evidence at trial be limited as follows:

> Plaintiff should be limited to asserting the following alleged 'protected activity' under her First Amendment retaliation claim:
>
> •     filing the state level IDEA complaint to the NMPED in October, 2005.
>
> Likewise, Plaintiff's alleged 'protected activities' pursuant to Section 504 of the Rehabilitation Act should be limited to:
>
> •     her complaints starting in 1998 about inaccurate and incomplete caseloads, culminating in her filing the IDEA complaint with the NMPED in 2005; and

> • her advocacy of 'John Doe' during the 2000-2001 school year and in the 2003-2004 school year
>
> Also, the alleged 'materially adverse employment actions' Plaintiff is allowed to introduce at trial should be limited to:
>
> • the reduction of her salary in 2004 when APS reduced her extended contract to a standard contract;
> • denial of her request to increase her contract to an extended contract in March, 2006;
> • APS assigning her to only 9th grade students beginning in the 2004-2005 school year; and
> • APS allegedly telling NMPED that a police report had been filed against her in 2004.

(Motion in Limine at 6-7). The Court, having considered the parties' submissions, the relevant authorities, and being otherwise advised in the premises, concludes that Defendants' motion is not well-taken and should be denied.

Plaintiff "agrees that she has limited [her First Amendment] . . . claim to the protected *activity of filing and pursuing* the state level IDEA complaint." (Plaintiff's Response in Opposition to Defendants' Motion in Limine ("Response") at 2-3, filed Jan. 31, 2011 **[Doc. 121]** (emphasis in original)). Defendants, apparently satisfied with Plaintiff's response, limited their argument in reply "to Plaintiff's Section 504 claim." (Defendants' Reply in Support of Motion in Limine at 3, filed Feb. 18, 2011 **[Doc. 128]**). Accordingly, to the extent that the parties are in agreement on this issue, the Court finds that Defendants' motion should be denied as moot.[1]

Plaintiff also "acknowledges that the four [materially adverse employment] actions . . . are the actions which Plaintiff is limited to for proof of that element at trial." (Plaintiff's

---

[1]Plaintiff points out that "Defendants failed to determine Plaintiff's position on the issues in the Motion in Limine prior to filing [the motion]." (Response at 1). Defendants' counsel is cautioned that under the local rules of this district, "a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a).

Response at 8). "However, Plaintiff does not agree that evidence of other actions, originally included among those showing adverse action, is inadmissible." (Id.). Plaintiff argues that "other actions may be admissible for other purposes including . . . . background narrative information," or rebuttal testimony. (Response at 8). Defendants offer no argument to the contrary. Accordingly, Defendants' motion on this issue will be denied.

Finally, Defendants apparently argue that Plaintiff is limited in presenting evidence of "protected activities" with respect to her Section 504 claim under the doctrine of the law of the case. As Plaintiff correctly notes, this Court has not ruled on any factual issue "concerning *when* the protected activity occurred." (Response at 7 (emphasis in original)). On appeal, the Tenth Circuit found that "[a]ll three forms of Ms. Reinhardt's advocacy on behalf of disabled students [presented at the summary judgment stage][2] constitute protected activity under the Rehabilitation Act." Reinhardt, 595 F.3d at 1132. Moreover, the Tenth Circuit found it "apparent from the undisputed facts that Ms. Reinhardt engaged in protected activity . . . through *at least* October 3, 2005 when she filed the state complaint." Id. 595 F.3d at 1132 (emphasis added). The Court is not persuaded that the doctrine of the law of the case precludes Plaintiff's evidence on this issue.

For all of the reasons set forth above, Defendants' Motion in Limine will be denied at this time.

WHEREFORE,

---

[2]See Reinhardt v. Albuquerque Pub. Schools Bd. of Education, 595 F.3d 1126, 1131-32 (10th Cir. 2010) (referring to Ms. Reinhardt's "(1) [] advocacy for John Doe; (2) her longstanding complaints about APS's failure to deliver services to special education students at Rio Grande High by failing to provide SLPs with timely and accurate caseload lists; and (3) filing the state complaint").

IT IS ORDERED that Defendants' Motion in Limine to Exclude Evidence of All Issues That Were Not Appealed **[Doc. 120]** is **denied**.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE